USCA1 Opinion

 

 July 8, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 91-2308 GERALD A. AMIRAULT, Petitioner, Appellant, v. MICHAEL V. FAIR, Respondent, Appellee. ____________________ APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Lay,* Senior Circuit Judge, ____________________ and O'Scannlain,** Circuit Judge. _____________ ____________________ Frank Mondano with whom Juliane Balliro and Balliro, Mondano, & ______________ _______________ ___________________ Balliro, P.C. were on brief for petitioner. _____________ Pamela L. Hunt, Assistant Attorney General, with whom Scott ________________ _____ Harshbarger, Attorney General, was on brief for respondent. ___________ ____________________ ____________________ _____________________ * Of the Eighth Circuit, sitting by designation. ** Of the Ninth Circuit, sitting by designation. Per Curiam. Gerald Amirault brings this habeas ___________ petition challenging his state court conviction on seven counts of indecent assault and battery of a child, and on eight counts of rape of a child. Amirault claims that a juror's failure to disclose a material fact during voir dire questioning violated his Sixth Amendment right to an impartial jury and that improper remarks made by the prosecutor denied his right to a fair trial. The federal district court denied Amirault's petition for a writ of habeas corpus. We affirm. Juror Misconduct ________________ Two days after the jury reached its verdict, defense counsel received information that one of the jurors had been a rape victim forty years earlier. Although the jurors were asked on voir dire if they or any of their family members had ever been involved in a civil or criminal case, the juror failed to inform the court that when she was fourteen years old she was raped by a neighbor, brought charges against him, and testified at his trial. The man she accused of raping her was convicted and served a term of imprisonment for the crime. When defense counsel brought this matter to the attention of the trial court, the court granted counsel permission to examine the juror's voir dire responses, conduct a private investigation into the allegations, and examine state criminal records pertaining to the 1946 rape. The court ultimately conducted an evidentiary hearing to examine the juror. While the court conducted its own inquiry of the juror, it also -2- 2 provided both parties the opportunity to question her. The juror testified that she had no memory of the rape, but suggested that if it had happened it must have been "over forty years ago." She later admitted that something had happened to her as a child but claimed to have no memory of it. After its examination of the juror, the state trial court concluded that the juror had genuinely "blocked" from her conscious mind the memory of the event and that she therefore answered the voir dire questions honestly. The court further concluded that "[b]ased upon the evidence produced and reviewed, it was and is clear and settled in the mind of the court that [the juror] harbored no bias or prejudice against the defendant . . . ." Commonwealth v. Amirault, Nos. 85-70 to 80, 85-2653 to _________________________ 2666, slip op. at 6 (Mass. Super. Ct. Aug. 20, 1986) (memorandum of decision on defendant's motion for new trial). This conclusion was based in part on the court's assessment of the juror's honesty, sincerity and apparent respect for the integrity of the criminal justice system. Upon determining that the juror neither intentionally deceived the court nor harbored any bias against the defendant, the court declined to permit the defense to extend the hearing to include other witnesses.1 ____________________ 1During a break in the hearing, a court clerk reported to defense counsel a conversation he had had with the juror's counsel. According to the clerk, the juror's attorney told him prior to the hearing that the juror had been the victim of a sexual assault but that she could remember no details. Amirault challenges the court's denial of his request that the clerk be permitted to testify at the hearing because he believes such testimony would have served to impeach the juror. We agree with the district court that such testimony would have had little -3- 3 Amirault concedes that the trial court acted properly in conducting a post-conviction hearing to examine the juror and that trial court findings on questions of juror partiality are presumed correct under 28 U.S.C. 2254(d) (1988). He claims, however, that the trial court's findings of impartiality are not fairly supported by the record. We disagree. A trial court's findings on issues of juror credibility and honesty are determinations "peculiarly within a trial judge's province" and are accorded great deference. Wainwright v. Witt, __________________ 469 U.S. 412, 428 (1985); see also Patton v. Yount, 467 U.S. ________ _______________ 1025, 1038 (1984). As the district court found, the petitioner has failed to produce convincing evidence that the trial court's finding that the juror answered honestly the questions on voir dire was erroneous. Although we read the majority vote in McDonough Power _______________ Equipment v. Greenwood, 464 U.S. 548 (1984), to require a further ______________________ determination on the question of juror bias even where a juror is found to have been honest,2 we find that bias should not be implied here. As the federal district court observed, the ____________________ value to the proceeding. 2See McDonough, 464 U.S. at 556-57 (Blackmun, J., concurring) ___ _________ ("[R]egardless of whether a juror's answer is honest or dishonest, it remains within a trial court's option, in determining whether a jury was biased, to order a post-trial hearing at which the movant has the opportunity to demonstrate actual bias or, in exceptional circumstances, that the facts are such that bias is to be inferred."); id. at 558 (Brennan, J., ___ concurring) ("I therefore cannot agree with the Court when it asserts that a new trial is not warranted whenever a prospective juror provides an honest answer to the question posed."). -4- 4 situation presented here of a juror found to have blocked the memory of an unrelated forty-year-old rape does not rise to the level of "exceptional" or "extreme" circumstances which may permit a finding of implied bias. See Smith v. Phillips, 455 ___ _________________ U.S. 209, 222 (1982) (O'Connor, J., concurring). Prosecutorial Misconduct ________________________ Amirault claims that certain remarks made by the prosecutor violated his right to a fair trial. Amirault first challenges a reference by the prosecutor to his post-arrest silence as a violation of his Fifth Amendment rights. See Doyle ___ _____ v. Ohio, 426 U.S. 610 (1976) (exercise of right to remain silent _______ may not be used against defendant at trial). In her closing remarks, the prosecutor told the jury that while the law forbids the state from approaching the defendant after his arrest, the law does not prevent defendants from affirmatively telling his side of the case. We agree with the district court that the "fair response" exception to the rule applies here. See United ___ ______ States v. Robinson, 485 U.S. 25 (1988). The prosecutor made ___________________ mention of Amirault's silence because defense counsel had just suggested to the jury that the prosecution was biased against Amirault because no one ever asked him his side of the story. We also find the curative instructions issued by the court sufficient. Amirault also challenges the prosecutor's reference to facts not in evidence, her expression of personal opinion with respect to a theory advanced by one of Amirault's expert -5- 5 witnesses, her alleged suggestion that the defendant had the burden of disproving the allegations, her mischaracterization of the defense theory, and her suggestion that incriminating evidence had been removed from the defendant's home prior to the jury's visit there. To prevail on these claims, Amirault must show that the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (level of __________________________ review for cases which do not involve prosecutorial remarks which "so prejudice[] a specific right, such as the privilege against compulsory self-incrimination, as to amount to a denial of that right."); see also Smith v. Phillips, 455 U.S. 209, 219 (1982) ________ __________________ ("[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor."). We find that petitioner has failed to make this showing. We agree with the district court's finding that these comments did not rise to the level of constitutional error and that the curative instructions were sufficient. We thus find no constitutional error and affirm the district court's order denying the petition for a writ of habeas corpus. Affirmed. ________ -6- 6